**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SOUTH COUNTY BANK, N.A., <br><br> Plaintiff, <br> v. <br><br> PHOENIX MUTUAL CAPITAL, LLC; LOIS SNELL, individually and d/b/a THE CAPRI LOUNGE and DOES 1 through 10, inclusive, <br><br> Defendants. <br> _____/ | Case No. C 13-1886 RS <br><br> **ORDER GRANTING MOTION TO REMAND, DENYING MOTION FOR SANCTIONS, AND DENYING MOTION FOR AN ORDER SHORTENING TIME** |

On April 24, 2013, defendant Lois Snell, acting pro se, filed a notice of removal of an unlawful detainer action originally filed in Alameda County Superior Court. Dkt. 1. Plaintiff noticed a motion to remand and for sanctions before this Court on May 9, 2013, as well as a request to have that motion heard on shortened time. Dkts. 18 & 19. It appears from the face of the complaint and notice of removal that no legitimate basis for opposition to the motion to remand is available. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for June 20, 2013, is vacated. The motion for shortened time is therefore denied as moot. As the defendant has not had an opportunity to respond to the request for sanctions, it is denied.

A defendant may remove an action to federal court if the district court has original jurisdiction over it. 28 U.S.C. § 1441(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c). The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). The removal statute is strictly construed in favor of remand and against removal. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading, or within thirty days after the service of summons upon the defendant, whichever is shorter. 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." *Id.* Here, the underlying state court complaint was filed on December 26, 2012. *See* Dkt. 1 at 11. The summons in that case was served on removing defendant Snell on December 31, 2012. *See* Dkt. 18-6, Proof of Service of Summons of Unlawful Detainer Action. The notice of removal was not filed with this court until April 24, 2013, nearly four months after the state court complaint was filed and served on Snell. Her pleading states that the notice is "timely . . . because it is filed within 30 days of discovering that the case was ripe for removal." Dkt. 1 at 7. Even without determining whether the case is removable, it is clear that the notice of removal does not provide any indication that the complaint failed to notify Snell of any potential basis for removal. Moreover, were the initial pleading to be construed as failing to provide such notice, Snell has not identified any subsequent and later "amended pleading, motion, order or other paper" that would have provided notice so as to render her notice here timely. 28 U.S.C. § 1446(b). The complaint has never been amended and no parties have been added to the case. Thus, the notice of removal is untimely. 28 U.S.C. § 1446(b).

Furthermore, even if the notice of removal was timely, subject matter jurisdiction over it would not exist. Defendant is attempting remove an unlawful detainer action based on federal

No. C 13-1886 RS
ORDER

2

question subject matter jurisdiction.  The Court has an independent obligation to determine whether such jurisdiction lies.  *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003); 28 U.S.C. §§ 1331 & 1332.  Federal question jurisdiction is present where a claim (1) arises under a federal law or the U.S. Constitution, (2) alleges a "case or controversy" within the meaning of Article III, § 2 of the U.S. Constitution, or (3) is authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  Defendant, however, cannot establish jurisdiction that is proper.

The complaint filed in the state court contains a single claim for relief for unlawful detainer.  *See* Dkt. 1.  Such actions are strictly within the province of state court.  A defendant cannot create federal question jurisdiction by adding claims or defenses to a notice of removal.  *See McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1145 (9th Cir. 2007) (even previously asserted counterclaims raising federal issue will not permit removal).

Snell's references to "the 'Protecting Tenants at Foreclosure Act 2009,' 12 U.S.C. 5220, . . . [hereafter 'PTFA'], " do not establish federal question jurisdiction in this matter.  Her suggestion that "[t]he PTFA is not a defense, but the entire basis for the action" is mistaken. Dkt. 1 at 7.  The PTFA is not a substitute for an unlawful detainer action.  Instead, it is "best characterized as [a] defense[] or potential counterclaim[]; neither of which [is] considered in evaluating whether a federal question appears on the face of a plaintiff's complaint."  *First Northern Bank of Dixon v. Hatanaka*, No. 11-02976, 2011 WL 6328713, at * 4 (E.D. Cal. Dec.16, 2011).  Many "federal district courts have held that a defense based on the [PTFA] cannot serve as a basis for removal jurisdiction."  *Aurora Loan Servs., LLC v. Montoya*, No. 11-2485, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011) (internal citations omitted).

In determining the presence or absence of federal jurisdiction in removal cases, the "'well-pleaded complaint rule,' applies which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, the complaint raises only a state law claim.  *See* Dkt. 1.  Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction."  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997-98 (9th Cir. 2007).

Hence, Defendant's contentions that Plaintiff's complaint is actually a PFTA case "irrespective of artful pleading" as an unlawful detainer action is without merit. Dkt. 1 at 7. As the notice of removal is untimely and there is no basis for subject matter jurisdiction over the underlying action, it is therefore remanded.

     IT IS SO ORDERED.

Dated: 5/9/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE